IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BLUE MOUNTAIN HOMES LLC,

     Plaintiff,                    No. CIV S-11-2155 KJM DAD PS

    vs.

RONNIE D. BELL, et al.,          ORDER AND

     Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        By Notice of Removal filed August 15, 2011, this unlawful detainer action was removed from Solano County Superior Court by defendant Renee L.H. Bell, who is proceeding pro se.[1] Accordingly, the matter has been referred to the undersigned for all purposes encompassed by Local Rule 302(c)(21).

        Defendant Renee L.H. Bell has filed an incomplete motion to proceed in forma pauperis. In the absence of complete information about defendant's income, defendant has failed to make the showing required by 28 U.S.C. § 1915. The motion will be denied without prejudice on that ground.

/////

---

[1] Named defendant Ronnie D. Bell has not joined in the removal.

1

It is well established that the statutes governing removal jurisdiction must be "strictly construed against removal." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "'The burden of establishing federal jurisdiction falls on the party invoking removal.'" Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994) (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769, 771 (9th Cir.1986)). Moreover, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000). Where it appears that the district court lacks subject matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

In conclusory fashion, defendant Renee Bell alleges as follows in her notice of removal: plaintiff filed an unlawful detainer action in Solano County Superior Court; defendant Renee Bell filed a demurrer alleging that plaintiff's notice to vacate premises did not comply with The Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220; the state court did not sustain defendant Renee Bell's demurrer. (Notice of Removal (Doc. No. 1) at 1-2.) Defendant argues that "[f]ederal question jurisdiction exists because Defendants' demurrer, a pleading, depend [sic] on the determination of Defendants' rights and Plaintiff's duties under federal law." (Id. at 3.)

Defendant's notice of removal includes a copy of plaintiff's complaint (Id., Ex. A.) It is evident from plaintiff's complaint that this action is nothing more than a garden-variety unlawful detainer action filed against the former owner of real property located in California and based wholly on California law. Plaintiff's complaint does not involve any "claim or right arising under the Constitution, treaties or laws of the United States" that would have permitted plaintiff to file this action originally in federal court. See 28 U.S.C. § 1441(b). Defendant's own

argument demonstrates that if there is any federal claim in this action it arises solely from the affirmative defense alleged by defendant Renee Bell and not from the claims alleged in plaintiff's unlawful detainer complaint.

For the reasons set forth above, the court finds that defendant Renee L.H. Bell has failed to meet the burden of establishing a basis for federal jurisdiction.

IT IS HEREBY ORDERED that defendant Renee Bell's motion to proceed in forma pauperis (Doc. No. 2) is denied without prejudice; and

IT IS RECOMMENDED that this action be summarily remanded to the Superior Court of California, County of Solano and this case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. A document presenting objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed and served within seven days after service of the objections.

DATED: August 19, 2011.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.pro se\bluemtn-bell2155.f&r.remand.ud